**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **RONALD A. KATZ TECHNOLOGY LICENSING, L.P.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**COLONIAL BANK, N.A., COMPASS BANK, ECHOSTAR COMMUNICATIONS CORP., ECHOSTAR SATELLITE L.L.C., MORGAN STANLEY & CO., INC., and MORGAN STANLEY CREDIT CORPORATION.**<br><br>**Defendants.** | **CASE NO. 6:07-cv-260-LED**<br><br>**Jury Trial Demanded** |

**PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S**
**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing"), by counsel, alleges as follows:

## THE PARTIES

1. Plaintiff Katz Technology Licensing is a limited partnership organized under the laws of the State of California, and having a principal place of business at 9220 Sunset Blvd. #315, Los Angeles, CA 90069.

2. On information and belief, Defendant Colonial Bank, N.A. ("Colonial Bank") is an Alabama entity maintaining its principal place of business at 100 Colonial Bank Boulevard, Montgomery, AL 36117.

3. On information and belief, Defendant Compass Bank ("Compass Bank") is an Alabama entity maintaining its principal place of business at 15 South 20th Street, Birmingham, AL 35233.

4. On information and belief, Defendant EchoStar Communications Corp. ("ECC") is a Nevada entity maintaining its principal place of business at 9601 South Meridian Boulevard, Englewood, CO 80112.

5. On information and belief, Defendant EchoStar Satellite L.L.C. ("ESLLC") is a Colorado entity maintaining its principal place of business at 9601 South Meridian Boulevard, Englewood, CO 80112.

6. On information and belief, Defendant Morgan Stanley & Co., Inc. is a Delaware entity maintaining its principal place of business at 1585 Broadway, New York, NY 10036.

7. On information and belief, Defendant Morgan Stanley Credit Corporation is a Delaware entity maintaining its principal place of business at 2500 Lake Cook Rd., Riverwoods, IL 60015.

## **JURISDICTION AND VENUE**

8. This is a civil action for patent infringement arising under the United States patent statutes, 35 U.S.C. § 1 *et seq*.

9. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

10. Upon information and belief, Defendant Colonial Bank is subject to this Court's personal jurisdiction because it does and has done substantial business in this judicial district, including: (i) operating at least one Colonial Bank branch and/or office in this District; (ii) operating infringing automated telephone call processing systems, including without

limitation the Colonial Connection telephone system, that allow its customers, including customers within this State and in this District, to perform banking and customer service functions over the telephone; and/or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from services provided to individuals in this State and in this District. In addition, Defendant Colonial Bank has designated an agent for service of process in the State of Texas.

11. Upon information and belief, Defendant Compass Bank is subject to this Court's personal jurisdiction because it does and has done substantial business in this judicial district, including: (i) operating at least one Compass Bank branch and/or office in this District; (ii) operating infringing automated telephone call processing systems, including without limitation the Compass Line, Compass PC Banking Customer Service, and Compass Bank Card telephone systems, that allow its customers, including customers within this State and in this District, to perform banking and customer service functions over the telephone; and/or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from services provided to individuals in this State and in this District. In addition, Defendant Compass Bank has designated an agent for service of process in the State of Texas.

12. Upon information and belief, Defendants ECC and ESLLC (collectively, the "EchoStar defendants") are subject to this Court's personal jurisdiction because they do and have done substantial business in this judicial district, including: (i) offering satellite television programming to customers, including customers within this State and in this District; (ii) operating infringing automated telephone call processing systems, including without limitation the DISH Network customer service telephone system, that allow its customers,

including customers within this State and in this District, to perform pay-per-view ordering and customer service functions over the telephone; and/or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from services provided to individuals in this State and in this District. In addition, Defendant ESLLC has designated an agent for service of process in the State of Texas.

13. Upon information and belief, Defendants Morgan Stanley & Co., Inc. and Morgan Stanley Credit Corporation (collectively, "the Morgan Stanley defendants") are subject to this Court's personal jurisdiction because they do and have done substantial business in this judicial district, including: (i) operating at least one Morgan Stanley branch and/or office in this District; (ii) operating infringing automated telephone call processing systems, including without limitation the Morgan Stanley Customer Service and Morgan Stanley Funds Transfer Service telephone systems, that allow their customers, including customers within this State and in this District, to perform banking and customer service functions over the telephone; and/or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from services provided to individuals in this State and in this District. In addition, Defendants Morgan Stanley & Co., Inc. and Morgan Stanley Credit Corporation have designated an agent for service of process in the State of Texas.

14. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## BACKGROUND FACTS

15. Ronald A. Katz ("Mr. Katz"), founder of Katz Technology Licensing, is a named inventor of each of the patents in suit. Mr. Katz has been widely recognized as one of the most prolific and successful inventors of our time, and his inventions over the last forty-plus years

have been utilized by literally millions of people.

16. In 1961, Mr. Katz co-founded Telecredit Inc. (“Telecredit”), the first company to provide online, real-time credit authorization, allowing merchants to verify checks over the telephone. Further innovations from Telecredit include the first online, real-time, point-of-sale credit verification terminal, which enabled merchants to verify checks without requiring the assistance of a live operator, and the first device that used and updated magnetically-encoded cards in automated teller machines. Multiple patents issued from these innovations, including patents co-invented by Mr. Katz.

17. Telecredit was eventually acquired by Equifax, and has now been spun off as Certegy, a public company traded on the New York Stock Exchange. Certegy continues to provide services in the credit and check verification field established by Mr. Katz and Telecredit.

18. Mr. Katz’s inventions have not been limited to telephonic check verification. Indeed, Mr. Katz is responsible for advancements in many fields of technology. Among his most prominent and well-known innovations are those in the field of interactive call processing. Mr. Katz’s inventions in that field are directed to the integration of telephonic systems with computer databases and live operator call centers to provide interactive call processing services.

19. The first of Mr. Katz’s interactive call processing patents issued on December 20, 1988. More than fifty U.S. patents have issued to Mr. Katz for his inventions in the interactive call processing field, including each of the patents-in-suit.

20. In 1988, Mr. Katz partnered with American Express to establish FDR Interactive Technologies, later renamed Call Interactive, to provide interactive call processing services based on Mr. Katz’s inventions. The American Express business unit involved in this joint venture later became known as First Data.

21. Early clients of Call Interactive included *The New York Times*, ABC's *Monday Night Football*, KABC Radio, CBS News, and Beatrice Foods (Hunt-Wesson division).

22. Many of these clients utilized Call Interactive technology for high-profile events. For example, CBS News hired Call Interactive to operate an interactive, real-time telephone poll to gauge viewer reaction to President George H.W. Bush's 1992 State of the Union address.

23. Mr. Katz sold his interest in Call Interactive to American Express in 1989 but continued to provide advisory services to Call Interactive until 1992. American Express later spun off the First Data business unit into a separate corporation, and with that new entity went Mr. Katz's interactive call processing patents and the Call Interactive call processing business. The former Call Interactive, now known as First Data Voice Services, continues to provide call processing solutions today.

24. In 1994, Mr. Katz formed Katz Technology Licensing, which acquired the rights to the entire interactive call processing patent portfolio, including the rights to each of the patents-in-suit, from First Data, the owner of all of the Katz interactive call processing patents at that time.

25. The marketplace has clearly recognized the value of Mr. Katz's inventions. Indeed, over 150 companies have licensed the patents-in-suit. Licensees include IBM, Hewlett-Packard, Bank of America, JPMorgan Chase, Wells Fargo, HSBC, Verizon, Sprint, Microsoft, Delta Airlines, Merck, Sears, and Home Shopping Network. These licenses and others acknowledge the applicability of the patents-in-suit to multiple fields of use, including but not limited to financial services call processing, automated securities transactions, automated credit card authorization services, automated wireless telecommunication services and support, automated health care services, and product and service support.

26. Each of the defendants employs the inventions of certain of the patents-in-suit. Katz Technology Licensing, through its licensing arm A2D, L.P., has attempted to engage each defendant in licensing negotiations, but to date, none of the defendants have agreed to take a license to any of the patents-in-suit.

**THE PATENTS-IN-SUIT**

27. On December 20, 1988, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,792,968 ("the '968 Patent"), entitled "Statistical Analysis System For Use With Public Communication Facility," to Ronald A. Katz, sole inventor. The '968 Patent expired on December 20, 2005. Exhibit A.

28. On May 29, 1990, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,930,150 ("the '150 Patent"), entitled "Telephonic Interface Control System," to Ronald A. Katz, sole inventor. The '150 Patent expired on December 20, 2005. Exhibit B.

29. On September 10, 1991, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,048,075 ("the '075 Patent"), entitled "Telephone Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '075 Patent expired on December 20, 2005. Exhibit C.

30. On April 29, 1992, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,109,404 ("the '404 Patent"), entitled "Telephone Call Processor With Select Call Routing," to Ronald A. Katz and Thomas D. Thompson, co-inventors. The '404 Patent expired on December 20, 2005. Exhibit D.

31. On July 7, 1992, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,128,984 ("the '984 Patent"), entitled "Telephone Interface Call

Processing System With Call Selectivity," to Ronald A. Katz, sole inventor. Exhibit E.

32. On October 5, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,251,252 ("the '252 Patent"), entitled "Telephone Interface Call Processing System With Call Selectivity," to Ronald A. Katz, sole inventor. Exhibit F.

33. On October 19, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,255,309 ("the '309 Patent"), entitled "Telephone-Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '309 Patent expired on December 20, 2005. Exhibit G.

34. On November 2, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,259,023 ("the '023 Patent"), entitled "Telephone-Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '023 Patent expired on December 20, 2005. Exhibit H.

35. On September 27, 1994, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,351,285 ("the '285 Patent"), entitled "Multiple Format Telephonic Interface Control System," to Ronald A. Katz, sole inventor. The '285 Patent expired on December 20, 2005. Exhibit I.

36. On October 1, 1996, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,561,707 ("the '707 Patent"), entitled "Telephonic-Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '707 Patent expired on December 20, 2005. Exhibit J.

37. On November 4, 1997, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,684,863 ("the '863 Patent"), entitled "Telephonic-

Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '863 Patent expired on December 20, 2005. Exhibit K.

38. On July 28, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,787,156 ("the '156 Patent") entitled "Telephonic-Interface Lottery System," to Ronald A. Katz, sole inventor. The '156 Patent expired on December 20, 2005. Exhibit L.

39. On September 29, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,815,551 ("the '551 Patent"), entitled "Telephonic-Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '551 Patent expired on December 20, 2005. Exhibit M.

40. On October 27, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,828,734 ("the '734 Patent"), entitled "Telephone Interface Call Processing System With Call Selectivity," to Ronald A. Katz, sole inventor. Exhibit N.

41. On November 10, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,835,576 ("the '576 Patent"), entitled "Telephonic-Interface Lottery Device," to Ronald A. Katz, sole inventor. The '576 Patent expired on July 10, 2005. Exhibit O.

42. On April 27, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,898,762 ("the '762 Patent"), entitled "Telephonic-Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '762 Patent expired on December 20, 2005. Exhibit P.

43. On June 29, 1999, the United States Patent and Trademark Office duly and legally

issued United States Patent No. 5,917,893 ("the '893 Patent"), entitled "Multiple Format Telephonic Interface Control System," to Ronald A. Katz, sole inventor. The '893 Patent expired on December 20, 2005. Exhibit Q.

44. On October 26, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,974,120 ("the '120 Patent"), entitled "Telephone Interface Call Processing System With Call Selectivity," to Ronald A. Katz, sole inventor. Exhibit R.

45. On March 7, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,035,021 ("the '021 Patent"), entitled "Telephonic-Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '021 Patent expired on December 20, 2005. Exhibit S.

46. On March 28, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,044,135 ("the '135 Patent"), entitled "Telephone-Interface Lottery System," to Ronald A. Katz, sole inventor. The '135 Patent expired on July 10, 2005. Exhibit T.

47. On November 14, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,148,065 ("the '065 Patent"), entitled "Telephonic-Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '065 Patent expired on July 10, 2005. Exhibit U.

48. On January 1, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,335,965 ("the '965 Patent"), entitled "Voice-Data Telephonic Interface Control System," to Ronald A. Katz, sole inventor. The '965 Patent expired on December 20, 2005. Exhibit V.

49. On February 19, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,349,134 ("the '134 Patent"), entitled "Telephonic Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '134 Patent expired on December 20, 2005. Exhibit W.

50. On July 23, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,424,703 ("the '703 Patent"), entitled "Telephone-Interface Lottery System," to Ronald A. Katz, sole inventor. The '703 Patent expired on July 10, 2005. Exhibit X.

51. On August 13, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,434,223 ("the '223 Patent"), entitled "Telephone Interface Call Processing System With Call Selectivity," to Ronald A. Katz, sole inventor. The '223 Patent expired on July 10, 2005. Exhibit Y.

52. On January 28, 2003, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,512,415 ("the '415 Patent"), entitled "Telephone Interface Call Processing System With Call Selectivity," to Ronald A. Katz, sole inventor. The '415 Patent expired on July 10, 2005. Exhibit Z.

53. On May 27, 2003, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,570,967 ("the '967 Patent"), entitled "Voice-Data Telephonic Interface Control System," to Ronald A. Katz, sole inventor. The '967 Patent expired on July 10, 2005. Exhibit AA.

54. On January 13, 2004, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,678,360 ("the '360 Patent"), entitled "Telephonic-Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '360 Patent expired

on July 10, 2005. Exhibit BB.

**COUNT I**
**(PATENT INFRINGEMENT BY COLONIAL BANK)**

55. Katz Technology Licensing realleges and incorporates by reference paragraphs 1-54 of this Complaint as if fully set forth herein.

56. Katz Technology Licensing is the sole holder of the entire right, title, and interest in the ‘968, ‘150, ‘075, ‘404, ‘984, ‘252, ‘309, ‘023, ‘285, ‘707, ‘863, ‘156, ‘551, ‘734, ‘576, ‘762, ‘893, ‘120, ‘021, ‘135, ‘065, ‘965, ‘223, ‘967 and ‘360 Patents.

57. Upon information and belief, Colonial Bank operates automated telephone systems, including without limitation the Colonial Connection telephone system, that allow its customers to perform banking and customer service functions over the telephone.

58. Colonial Bank has directly and contributorily infringed, and induced others to infringe, one or more claims of each of the patents identified in paragraph 56 of this Complaint by making, using, offering to sell, and/or selling within the United States automated telephone systems, including without limitation the Colonial Connection telephone system, that allow its customers to perform banking and customer service functions over the telephone.

59. Colonial Bank continues to infringe, contributorily infringe, and induce others to infringe the ‘984, ‘252, ‘734 and ‘120 Patents.

60. Colonial Bank’s infringement of the patents identified in paragraph 56 of this Complaint has been willful.

61. Katz Technology Licensing has been, and continues to be, damaged and irreparably harmed by Colonial Bank’s infringement, which will continue unless Colonial Bank is enjoined by this Court.

**COUNT II**
**(PATENT INFRINGEMENT BY COMPASS BANK)**

62. Katz Technology Licensing realleges and incorporates by reference paragraphs 1-54 of this Complaint as if fully set forth herein.

63. Katz Technology Licensing is the sole holder of the entire right, title, and interest in the ‘984, ‘252, ‘309, ‘023, ‘707, ‘863, ‘156, ‘551, ‘965, ‘223 and ‘360 Patents.

64. Upon information and belief, Compass Bank operates automated telephone systems, including without limitation the Compass Line, Compass PC Banking Customer Service, and Compass Bank Card telephone systems, that allow its customers to perform banking and customer service functions over the telephone.

65. Compass Bank has directly and contributorily infringed, and induced others to infringe, one or more claims of each of the patents identified in paragraph 63 of this Complaint by making, using, offering to sell, and/or selling within the United States automated telephone systems, including without limitation the Compass Line, Compass PC Banking Customer Service, and Compass Bank Card telephone systems, that allow its customers to perform banking and customer service functions over the telephone.

66. Compass Bank continues to infringe, contributorily infringe, and induce others to infringe the ‘984 and ‘252 Patents.

67. Compass Bank’s infringement of the patents identified in paragraph 63 of this Complaint has been willful.

68. Katz Technology Licensing has been, and continues to be, damaged and irreparably harmed by Compass Bank’s infringement, which will continue unless Compass Bank is enjoined by this Court.

**COUNT III**
**(PATENT INFRINGEMENT BY THE ECHOSTAR DEFENDANTS)**

69. Katz Technology Licensing realleges and incorporates by reference paragraphs 1-

54 of this Complaint as if fully set forth herein.

70. Katz Technology Licensing is the sole holder of the entire right, title, and interest in the ‘968, ‘150, ‘404, ‘984, ‘285, ‘707, ‘863, ‘551, ‘734, ‘762, ‘893, ‘120, ‘065, ‘965, ‘134, ‘703, ‘223, ‘415 and ‘360 Patents.

71. Upon information and belief, the EchoStar defendants operate automated telephone systems, including without limitation the DISH Network customer service telephone system, that allow their customers to perform pay-per-view ordering and customer service functions over the telephone.

72. The EchoStar defendants have directly and contributorily infringed, and induced others to infringe, one or more claims of each of the patents identified in paragraph 70 of this Complaint by making, using, offering to sell, and/or selling within the United States automated telephone systems, including without limitation the DISH Network customer service telephone system, that allow their customers to perform pay-per-view ordering and customer service functions over the telephone.

73. The EchoStar defendants continue to infringe, contributorily infringe, and induce others to infringe the ‘984, ‘734 and ‘120 Patents.

74. The EchoStar defendants’ infringement of the patents identified in paragraph 70 of this Complaint has been willful.

75. Katz Technology Licensing has been, and continues to be, damaged and irreparably harmed by the EchoStar defendants’ infringement, which will continue unless the EchoStar defendants are enjoined by this Court.

**COUNT IV**
**(PATENT INFRINGEMENT BY THE MORGAN STANLEY DEFENDANTS)**

76. Katz Technology Licensing realleges and incorporates by reference paragraphs 1-

54 of this Complaint as if fully set forth herein.

77. Katz Technology Licensing is the sole holder of the entire right, title, and interest in the ‘285, ‘863, ‘551, ‘734, ‘893, ‘120, ‘134 and ‘223 Patents.

78. Upon information and belief, the Morgan Stanley defendants operate automated telephone systems, including without limitation the Morgan Stanley Customer Service and Morgan Stanley Funds Transfer Service telephone systems, that allow their customers to perform banking and customer service functions over the telephone.

79. The Morgan Stanley defendants have directly and contributorily infringed, and induced others to infringe, one or more claims of each of the patents identified in paragraph 77 of this Complaint by making, using, offering to sell, and/or selling within the United States automated telephone systems, including without limitation the Morgan Stanley Customer Service and Morgan Stanley Funds Transfer Service telephone systems, that allow their customers to perform banking and customer service functions over the telephone.

80. The Morgan Stanley defendants continue to infringe, contributorily infringe, and induce others to infringe the ‘734 and ‘120 Patents.

81. The Morgan Stanley defendants’ infringement of the patents identified in paragraph 77 of this Complaint has been willful.

82. Katz Technology Licensing has been, and continues to be, damaged and irreparably harmed by the Morgan Stanley defendants’ infringement, which will continue unless the Morgan Stanley defendants are enjoined by this Court.

**DEMAND FOR JURY TRIAL**

83. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Ronald A. Katz Technology Licensing, L.P. hereby demands trial by jury.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Katz Technology Licensing respectfully requests the following relief:

A. A judgment holding Colonial Bank liable for infringement of the patents identified in paragraph 56 of this Complaint;

B. A permanent injunction against Colonial Bank, its officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '984, '252, '734 and '120 Patents;

C. An accounting for damages resulting from Colonial Bank's infringement of the patents identified in paragraph 56 of this Complaint, together with pre-judgment and post-judgment interest;

D. A judgment holding that Colonial Bank's infringement of the patents identified in paragraph 56 of this Complaint is willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

E. A judgment holding Compass Bank liable for infringement of the patents identified in paragraph 63 of this Complaint;

F. A permanent injunction against Compass Bank, its officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '984 and '252 Patents;

G. An accounting for damages resulting from Compass Bank's infringement of the patents identified in paragraph 63 of this Complaint, together with pre-judgment and post-judgment interest;

H. A judgment holding that Compass Bank's infringement of the patents identified in paragraph 63 of this Complaint is willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

I. A judgment holding the EchoStar defendants liable for infringement of the patents identified in paragraph 70 of this Complaint;

J. A permanent injunction against the EchoStar defendants, their officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '984, '734 and '120 Patents;

K. An accounting for damages resulting from the EchoStar defendants' infringement of the patents identified in paragraph 70 of this Complaint, together with pre-judgment and post-judgment interest;

L. A judgment holding that the EchoStar defendants' infringement of the patents identified in paragraph 70 of this Complaint is willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

M. A judgment holding the Morgan Stanley defendants liable for infringement of the patents identified in paragraph 77 of this Complaint;

N. A permanent injunction against the Morgan Stanley defendants, their officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '734 and '120 Patents;

O. An accounting for damages resulting from the Morgan Stanley defendants' infringement of the patents identified in paragraph 77 of this Complaint, together with pre-judgment and post-judgment interest;

P. A judgment holding that the Morgan Stanley defendants' infringement of the patents identified in paragraph 77 of this Complaint is willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

Q. A judgment holding this Action an exceptional case, and an award to Plaintiff Katz Technology Licensing for its attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

R. Such other relief as the Court deems just and equitable.

Dated: June 8, 2007

Respectfully submitted,

Eric M. Albritton
Lead Attorney
State Bar No. 00790215
*ema@emafirm.com*
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, TX 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

Of Counsel:

Stephen C. Neal
*nealsc@cooley.com*
COOLEY GODWARD KRONISH LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

Frank V. Pietrantonio
*fpietrantonio@cooley.com*
Jonathan G. Graves
*jgraves@cooley.com*
COOLEY GODWARD KRONISH LLP
One Freedom Square
11951 Freedom Drive
Reston, VA 20190-5656
Telephone: (703) 456-8000
Facsimile: (703) 456-8100

*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*